**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 12-cv-02819-REB-MEH

CHARLENE CHAVEZ,

    Plaintiff,

v.

THE ADVANTAGE GROUP,
JOHN DOES, and
JANE DOES,

    Defendants.

## ORDER

**Blackburn, J.**

The matter before is **Defendant's Motion for Partial Summary Judgment** [#27],[1] filed May 14, 2013.  With the consent of the magistrate judge, I withdraw the prior **Order of Reference** [#28], filed May 14, 2013, and grant the motion.

### I.  JURISDICTION

I have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 15 U.S.C. § 1692k(d) (Fair Debt Collection Practices Act)

### II.  STANDARD OF REVIEW

Summary judgment is proper when there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  **FED. R. CIV. P.** 56(c); **Celotex Corp. v. Catrett**, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265

---

[1] "[#27]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

(1986).  A dispute is "genuine" if the issue could be resolved in favor of either party.  ***Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); ***Farthing v. City of Shawnee***, 39 F.3d 1131, 1135 (10th Cir. 1994).  A fact is "material" if it might reasonably affect the outcome of the case.  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); ***Farthing***, 39 F.3d at 1134.

A party who does not have the burden of proof at trial must show the absence of a genuine fact issue.  ***Concrete Works, Inc. v. City & County of Denver***, 36 F.3d 1513, 1517 (10th Cir. 1994), ***cert. denied***, 115 S.Ct. 1315 (1995).  Once the motion has been properly supported, the burden shifts to the nonmovant to show, by tendering depositions, affidavits, and other competent evidence, that summary judgment is not proper.  ***Id***. at 1518.  All the evidence must be viewed in the light most favorable to the party opposing the motion.  ***Simms v. Oklahoma ex rel. Department of Mental Health and Substance Abuse Services***, 165 F.3d 1321, 1326 (10th Cir.), ***cert. denied***, 120 S.Ct. 53 (1999).  However, conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence.  ***Rice v. United States***, 166 F.3d 1088, 1092 (10th Cir.), ***cert. denied***, 120 S.Ct. 334 (1999).

### III.  ANALYSIS

This action concerns a debt allegedly owed by plaintiff to Parkview Medical Center ("Parkview") for the provision of medical services to plaintiff.  At the time plaintiff requested such services, she provided her cellular phone number to Parkview.  When the debt was not paid, Parkview assigned it to defendant for collection.

Plaintiff alleges, *inter alia*, the defendant's actions in attempting to collect the debt by contacting her at her cellular phone number violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 (the "TCPA").[2] The TCPA provides, in relevant part, that

> [i]t shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice –
>
> . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleges that defendant used an automatic telephone dialing system ("ATDS") to contact her cell number without her prior express consent. Assuming *arguendo* that defendant's dialing system constitutes an ATDS within the purview of the TCPA,[3] I nevertheless find and conclude that plaintiff expressly

---

[2] Plaintiff also asserts a claim under the Fair Debt Collection Practices Act. That claim is not at issue here.

[3] An ATDS is defined as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). *See also Satterfield v. Simon & Shuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009) (system need not actually store, produce, or call randomly generated numbers so long as it has capacity to do so). Although defendant insists that its dialing systems – Guaranteed Contacts System from Ontario Systems, LLC – do not have the capability to store or produce phone numbers, plaintiff has submitted sufficient evidence to suggest the existence of a genuine issue of material fact as to that issue. In particular, plaintiff's evidence suggests that Guaranteed Contacts, at least in some iterations, is a predictive dialer, which the Federal Communications Commission specifically has found to come within the scope of the TCPA. *See* Contact Center Compliance, **FCC TCPA Amendment: Questions Answered** (August 2012) (available at: http://www.dnc.com/complianceInfor/News/Articles/vcc-tcpa-amendment-questions-answered.adpx) (last accessed July 29, 2013).

3

consented to be contacted by defendant.[4]

The burden of proof is on defendant to establish that plaintiff expressly consented to be contacted at her cell phone number.  **See In re: Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991**, 23 F.C.C.R. 559, 564-65 ¶ 10 (F.C.C. Jan. 4, 2008) [hereinafter "**2008 FCC Ruling**"]; **see also Frausto v. IC System, Inc.**, 2011 WL 3704249 at *2 (N.D. Ill. Aug. 22, 2011).  In interpreting this provision of the TCPA, the Federal Communications Commission ("FCC") has concluded that

> the provision of a cell phone number to a creditor, e.g., as part of a credit application, reasonably evidences prior express consent by the cell phone subscriber to be contacted at that number regarding the debt.  In the *1992 TCPA Order*, the Commission determined that "persons who knowingly release their phone numbers have in effect given their invitation or permission to be called at the number which they have given, absent instructions to the contrary."

**2008 FCC Ruling** at 564-65 , ¶ 10.  The FCC thus declared that "autodialed and prerecorded message calls to wireless numbers provided by the called party in connection with an existing debt . . . are permissible."  **Id.** at 564, ¶ 9.

Plaintiff urges the court to find, contrary to the 2008 FCC Ruling, that she did not expressly consent, relying on the district court's decision in **Mais v. Gulf Coast Collection Bureau, Inc.**, 2013 WL 1899616 (S.D. Fla. May 8, 2013), **cert. granted** (June 10, 2013).  I am not persuaded.  The **Mais** court is the only federal district court[5]

---

[4] For purposes of the TCPA, defendant has stepped into the shoes of Parkview as the creditor. **Frausto v. IC System, Inc.** 2011 WL 3704249 at *2 (citing **2008 FCC Ruling** ¶ 10).

[5] The same judge who decided **Mais** has reiterated his position in a subsequent case.  **See Lusskin v. Seminole Comedy, Inc.**, 2013 WL 3147339 at *2-3 & n.3 (S.D. Fla. June 19, 2013).

4

to conclude that the district courts have jurisdiction to review FCC Rulings, but I find that the analysis on which this conclusion depends to be legally insupportable and refuse plaintiff's invitation to adopt it.

Congress has vested in the federal courts of appeals "exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of – all final orders of the Federal Communications Commission made reviewable by section 402(a) of Title 47." 28 U.S.C. § 2342(1). Concomitantly, and somewhat tautologically, section 402(a) provides that "[a]ny proceeding to enjoin, set aside, annul, or suspend any order of the Commission . . . shall be brought as provided by and in the manner prescribed" by 28 U.S.C. § 2342. 47 U.S.C. § 402(a). The *Mais* court went to great – indeed, one might say extreme – lengths to narrowly define this jurisdictional provision. The court stated, with little more than its own *ipse dixit* as support, that a proceeding under the TCPA was not an action to "enjoin, set aside, annul, or suspend" an order of the Commission. Having thus characterized the proceeding before it, the court proceeded to review the 2008 FCC Ruling, finding it not entitled to **Chevron** deference. **See Mais**, 2013 WL 1899616 at *6-9.

I am not inclined to engage in the semantical machinations which allowed the *Mais* court to bypass the jurisdictional boundary established by Congress. Regardless of how the claim is brought before the court, the practical effect of accepting plaintiff's argument here would be to "set aside, annul, or suspend" the 2008 FCC Ruling. I am without jurisdiction to effectuate that outcome. I therefore join with those courts that have found that the 2008 FCC Ruling is binding on the district courts and not subject to

5

review except by the federal courts of appeals.  ***See Sacco v. Bank of America, N.A.***, 2012 WL 6566681, at *9 (W.D.N.C. Dec. 17, 2012); ***Frausto***, 2011 WL 3704249 at *2; ***Greene v. DirecTv, Inc.***, 2010 WL 4628734, at *3 (N.D. Ill. Nov. 8, 2010); ***Hicks v. Client Services, Inc.***, 2009 WL 2365637, at *4 (S.D. Fla. June 9, 2009); ***Leckler v. Cashcall, Inc.***, 2008 WL 5000528 at *2-3 (N.D. Cal. Nov. 21, 2008).

Plaintiff argues further that she revoked her consent by orally telling defendant on several occasions not to continue calling her.  Several courts have considered this issue, arriving at varying conclusions regarding whether oral revocation is sufficient under the TCPA.  ***Compare Kenny v. Mercantile Adjustment Bureau, LLC***, 2013 WL 1855782 at *6 (W.D.N.Y. May 1, 2013) (finding that provisions of FDCPA, requiring written revocation of consent, control), ***and Saunders v. Nco Financial Systems, Inc.***, 910 F.Supp.2d 464, 468-69 (E.D.N.Y. 2012) (finding that express consent given under TCPA cannot be withdrawn under any circumstances), ***with Gutierrez v. Barclays Group***, 2011 WL 579238 at *3-4 (S.D. Cal. Feb. 9, 2011) (oral revocation sufficient). The courts that have found oral revocation sufficient have done so largely based on the lack of any provision to the contrary in the TCPA.  ***See, e.g.***, ***Beal v. Wyndham Vacation Resorts, inc.***, – F.Supp.2d –, 2013 WL 3870282 at *15 (W.D. Wis. June 20, 2013); ***Adamcik v. Credit Control Services, Inc.***, 832 F.Supp.2d 744, 749-53 (W.D. Tex. 2011);[6] ***Gutierrez***, 2011 WL 579238 at *4.  I find the stricter statutory interpretation more persuasive, as articulated most eloquently by the district court in ***Saunders***:

---

[6]  I specifically disagree with the ***Beal*** and ***Adamcik*** courts that the teachings of the Restatement (Second) of Torts have any application to a right derived wholly from statute.  ***See Beal***, 2013 WL 2870282 at *15; ***Adamcik***, 832 F.Supp.2d at 749.

6

> I see nothing in the TCPA that gives a consumer two bites at the apple. That is, there is no provision in the TCPA, unlike the FDCPA, that allows withdrawal of a voluntarily-given, prior express consent to call a cell phone number.  Nothing compels a consumer to list his cell phone number with his counterparty when he opens an account, or to open an account at all, but if that is the number he chooses to provide, then he cannot complain about being called at that number.
>
> It is not as if we are dealing with a fundamental constitutional right where a waiver may, under limited circumstances, be withdrawn. This is a narrow statutory right not to receive automated calls on a cellphone.  A consumer that voluntarily gives it up need not have an opportunity to change his mind later; he has withdrawn from the protection of the statute. He is no worse off than all other consumers were before passage of the statute, because he has opted out of the statute.  Nor is there anything unduly harsh about this conclusion; the consumer, if he is a debtor, remains protected from harassment by the FDCPA.
>
> I recognize that . . other district courts have ruled otherwise, some holding that consent can be withdrawn as long as the request to withdraw is in writing, and others holding that an oral direction to withdraw is sufficient.  I respectfully disagree with both lines of cases.  The reason there is a split among these authorities is because the statute provides for neither result, so those courts that wish to permit withdrawal of consent are forced to apply their own policy preferences. If Congress wishes to change the statute, it can – it has shown in the FDCPA that it knows how to provide for withdrawal of consent when it wants to – but I do not think it is for the courts to read a substantive right into a statute when it is quite conspicuously missing.

*Saunders*, 910 F.Supp.2d at 468-69 (internal citations omitted).  *See also Gager v. Dell Financial Services, LLC*, 2012 WL 1942079 at *3-6 (M.D. Pa. May 29, 2012).

I therefore find and conclude that plaintiff gave prior express consent to defendant to contact her cell phone number in connection with the debt incurred as a

result of the services provided to her at Parkview. Moreover, that consent was not (and could not be) effectively withdrawn. Defendant therefore is entitled to summary judgment as to plaintiff's TCPA claims.[7]

**THEREFORE, IT IS ORDERED** as follows:

1. That with the consent of the magistrate judge, the prior **Order of Reference** [#28], filed May 14, 2013, is **WITHDRAWN**;

2. That **Defendant's Motion for Partial Summary Judgment** [#27], filed May 14, 2013, is **GRANTED**;

3. That plaintiff's Second and Third Claims for Relief, alleging violations of the Telephone Consumer Protection Act of 1991, are **DISMISSED WITH PREJUDICE**; and

4. That at the time judgment enters, judgment **SHALL ENTER** on behalf of defendant, The Advantage Group, against plaintiff, Charlene Chavez, on the Second and Third Claims for Relief, alleging violations of the Telephone Consumer Protection Act of 1991.

Dated August 5, 2013, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge

---

[7] I note further that I am dubious that the TCPA contains some right of privacy, as attempted to be invoked by plaintiff's Third Claim for Relief, that exceeds the express provisions of the statute. Again, the TCPA creates a limited, statutory right with clearly defined parameters articulated and encompassed wholly within the text of the statute – it is not a right of constitutional magnitude, which might be construed to have a penumbra from which implicit rights might emanate.